928 F.2d 405
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
OHIO CARPENTERS CENTRAL COLLECTION AND ADMINISTRATIVE
AGENCY, et al., Appellants,
v.
B.P. JENKINS, INC., Appellee.
 Nos. 90-3208, 90-3236.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1991.
 
 On Appeal from the United States District Court for the Northern District of Ohio, No. 88-64187; Sam H. Bell, J.
 N.D.Ohio
 AFFIRMED.
 Before RYAN and SUHRHEINRICH Circuit Judges, and SILER, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs appeal the district court's partial grant of summary judgment in favor of defendant on grounds of res judicata. For the reasons that follow, we affirm.
 
 
 2
 Plaintiffs filed suit alleging that defendant general contractor breached collective bargaining agreements requiring it to collect and process contributions for various fringe benefit trust funds existing under 29 U.S.C. Sec. 186(c)(5). The parties settled the action, and on May 23, 1986 the district judge entered an order of dismissal "without costs and without prejudice to the right, upon good cause shown within sixty (60) days, to reopen the action if settlement is not consummated." Fifteen months later, on September 11, 1987, plaintiffs filed a motion to reopen the case, which the district court denied.
 
 
 3
 On November 14, 1988, plaintiffs filed a second complaint against defendant arising out of the same facts, this time alleging debt incurred both prior and subsequent to the May 23, 1986 order of dismissal. The district court held:
 
 
 4
 [A]lthough the court finds that the claims subject to the prior order are barred by the doctrine of res judicata, claim preclusion, the court holds that the prior judgment does not carry the effect of issue preclusion, collateral estoppel. Therefore, plaintiffs' subsequent claims, arising after the expiration of the 60-day period following the order of dismissal can be litigated without any impediment.
 
 
 5
 Plaintiffs argue that the district court erred in affording preclusive effect to the May 23, 1986 order of dismissal because a dismissal without prejudice is not a final judgment "on the merits" for purposes of res judicata. Further, plaintiffs claim that even if the order of dismissal precluded them from reopening the case after 60 days, it did not preclude them from refiling a second action based on the same facts.
 
 
 6
 We agree with the district court that the language of the order of dismissal is properly interpreted to mean that the case was dismissed without prejudice for the first 60 days only, and after expiration of the 60 days was converted to a dismissal with prejudice. Thus, the order of dismissal operated as an adjudication on the merits after 60 days because no further action was taken by the plaintiffs within that time period. Because plaintiffs were precluded from reopening the case after 60 days, they were precluded from refiling a second suit against the defendant for claims arising before the expiration of the 60-day period following the order of dismissal.
 
 
 7
 Accordingly, we AFFIRM the district court's grant of partial summary judgment in favor of defendant regarding all claims arising prior to July 23, 1986.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation